Jyoti Mittal, Bar No. 288084
jmittal@littler.com
James Payer, Bar No. 292158
jpayer@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
Telephone:    310.553.0308
Facsimile:    800.715.1330

Attorneys for Defendant
BENSON INDUSTRIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRESE LYONS, individually, and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>BENSON INDUSTRIES, INC., a corporation; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No. 3:24-cv-08791 - SK<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT**<br><br>Date:    March 18, 2025<br>Time:    2:00 PM<br>Dept.:    Courtroom 9<br>Judge: Hon. Trina L. Thompson<br><br>Trial Date:    None<br>Complaint Filed: 11/30/23 |

LITTLER MENDELSON,
P.C.
2049 Century Park East,
5th Floor
Los Angeles, California
90067.3107
310.553.0308

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND

CASE NO. 3:24-CV-08791 - SK

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ......................................................................................................1

II.     DEFENDANT'S REMOVAL WAS TIMELY BECAUSE THE BASIS FOR
        REMOVAL IS NOT IDENTIFIED ON THE FACE OF THE COMPLAINT..................2

        A.      Plaintiff Concedes That The First 30-Day Removal Window Was Never
                Trigged Because The Complaint Does Not Expressly Reference The CBA...........3

        B.      The Second 30-Day Removal Window Was Never Triggered Because
                Defendant Did Not Receive A Pleading Or Other Paper *From Plaintiff*
                Containing A Basis For Removal. ...................................................................4

        C.      There Is No Duty To Investigate The Basis For Removal When It Is Not
                Readily Determinable From The Pleading. .......................................................5

        D.      A Defendant's Own Investigation Does Not Trigger Either Removal
                Window.........................................................................................................5

III.    COMPLETE FEDERAL LMRA PREEMPTION IS A PROPER BASIS FOR
        REMOVAL.............................................................................................................6

IV.     THE NINTH CIRCUIT APPLIES THE TWO STEP TEST IN *CURTIS* TO
        DETERMINE IF A CLAIM IS SUBJECT TO COMPLETE FEDERAL LMRA
        PREEMPTION .......................................................................................................9

V.      PLAINTIFF'S CLAIMS ARE SUBJECT TO COMPLETE LMRA FEDERAL
        PREEMPTION UNDER *CURTIS* .........................................................................10

        A.      The Statutory Labor Code Exemptions Do Not Require Union
                Membership. ...............................................................................................10

        B.      Plaintiff's State Law Claims Are Preempted If He Is Exempt From State
                Law Or The Claim Requires Interpretation Of The CBA...................................11

        C.      Plaintiff's Overtime Claim Is Preempted Under *Curtis* Step One Because
                Plaintiff Is Exempt From California's Overtime Requirements Pursuant To
                Labor Code Section 514................................................................................12

        D.      Plaintiff's Meal Period Claim Is Preempted Under *Curtis* Step One
                Because Plaintiff Is Exempt From California's Meal Period Requirements
                Pursuant To Labor Code Section 512. ............................................................15

        E.      Plaintiff's Rest Period Claim Is Preempted Under *Curtis* Step One
                Because Plaintiff Is Exempt From California's Rest Period Requirements
                Pursuant To Labor Code Section 226.7 And Wage Order 16..............................16

        F.      Plaintiff's Minimum Wage Claim Is Preempted Under *Curtis* Steps One
                And Two Because Plaintiff Alleges That All Off-The-Clock Work
                Constituted Overtime Hours And The Claim Requires CBA Interpretation. ........17

LITTLER MENDELSON,
P.C.
2049 Century Park East,
5th Floor
Los Angeles, California
90067.3107
310.553.0308

i

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND

CASE NO. 3:24-CV-08791 - SK

G.    Plaintiff's Expense Reimbursement Claim Is Preempted Under *Curtis* Step Two Because It Requires CBA Interpretation. .....................................................19

H.    Plaintiff's Derivative Claims Are Also Preempted Under *Curtis* Step One..........19

I.    Plaintiff's PAGA Claim Is Also Subject To Preemption Under *Curtis* Step One Because Plaintiff Is Exempt from PAGA Pursuant To Labor Code Section 2699.6...........................................................................................................21

VI.    IF THE COURT FINDS ANY OF PLAINTIFF'S CLAIMS ARE NOT PREEMPTED, THE COURT SHOULD RETAIN SUPPLEMENTAL JURISDICTION OVER THOSE CLAIMS...................................................................22

VII.    PLAINTIFF'S CONTENTIONS ABOUT COMPLIANCE WITH THE CBA'S GRIEVANCE AND ARBITRATION PROCEDURES ARE IRRELEVANT................24

VIII.    CONCLUSION..........................................................................................................24

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California
90067.3107
310.553.0308

ii

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND

CASE NO. 3:24-CV-08791 - SK

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adelpour v. Panda Express, Inc.*,
2010 WL 2384609 (C.D. Cal. June 8, 2010) ....................................................1, 4

*Allis-Chalmers Corp. v. Lueck*,
471 U.S. 202 (1985) ....................................................................................9

*Alvarado v. King Meat, Inc.*,
2016 WL 538451 (C.D. Cal. Feb. 8, 2016) ......................................................4, 5, 6

*Anaya v. Mars Petcare US, Inc.*,
2021 WL 5578724 (C.D. Cal. Nov. 29, 2021) ...................................................5, 6

*Araquistain v. Pacific Gas & Electric Co.*,
229 Cal. App. 4th 227 (2014) ........................................................................16

*Balcorta v. Twentieth Century-Fox Film Corp.*,
208 F.3d 1102 (9th Cir. 2000) .......................................................................2, 7

*Berryman v. Merit Prop. Mgmt., Inc.*,
152 Cal. App. 4th 1544 (2007) ......................................................................20

*Blackwell v. Commercial Refrigeration Specialists, Inc.*,
2021 WL 2634501 (E.D. Cal. June 25, 2021) ...........................................12, 14, 16

*Buck v. Cemex Inc.*,
2013 WL 4648579 (E.D. Cal. Aug. 29, 2013) ...................................................23

*Burnside v. Kiewit Pacific Corp.*,
491 F.3d 1053 (9th Cir. 2007) .......................................................................9

*Cantrell v. Great Republic Ins. Co.*,
873 F.2d 1249 (9th Cir. 1989) .......................................................................6

*Caterpillar Inc. v. Williams*,
482 U.S. 386 (1987) ..................................................................................7, 8

*Chavez v. Smurfit Kappa North America LLC*,
2018 WL 8642837 (C.D. Cal. Oct. 17, 2018) ...................................................18

*Clee v. Benson Industries, Inc.*,
2024 WL 4462337 (E.D. Cal. Sept. 30, 2024) ...........................................1, 7, 14

*Coria v. Recology, Inc.*,
63 F. Supp. 3d 1093 (N.D. Cal. 2014) .....................................................12, 16, 23

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California
90067.3107
310.553.0308

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND

CASE NO. 3:24-CV-08791 - SK

*Curtis v. Irwin Industries, Inc.*,
   913 F.3d 1146 (9th Cir. 2019) ................................................................. *passim*

*Diaz v. Sun-Maid Growers of California*,
   2019 WL 1785660 (E.D. Cal. Apr. 24, 2019)..........................................23

*Easton v. Crossland Mortg. Corp.*,
   114 F.3d 979 (9th Cir. 1997) .....................................................................8

*Firestone v. So. Cal. Gas Co.*,
   219 F.3d 1063 (9th Cir. 2000) .................................................................12

*Garcia v. Rite Aid Corp.*,
   2017 WL 1737718 (C.D. Cal. May 3, 2017) ...........................................11

*Gay v. Pacific Steel Group*,
   2021 WL 2917095 (N.D. Cal. June 15, 2021) .........................................23

*Giles v. Canus Corp.*,
   2022 WL 3370793 (N.D. Cal. Aug. 16, 2022) ......................9, 10, 18, 20

*Hall v. Live Nation Worldwide, Inc.*,
   146 F. Supp. 3d 1187 (C.D. Cal. 2015) ...................................................14

*Harris v. Bankers Life & Cas. Co.*,
   425 F.3d 689 (9th Cir. 2005) ...........................................................3, 5, 6

*Huerta v. Doubletree Employer LLC*,
   2024 WL 890548 (C.D. Cal. Mar. 1, 2024) ............................................14

*Jenkins v. Cty. of Riverside*,
   398 F.3d 1093,1098 (9th Cir. 2005) .........................................................2

*Jones v. Sysco Ventura Inc.*,
   2021 WL 6104193 (C.D. Cal. Sep. 1, 2021)..............................................9

*Kernan v. Health Care Service Corporation*,
   2018 WL 3046961, at *4 (C.D. Cal. June 19, 2018) ................................3

*Kobold v. Good Samaritan Reg'l Med. Ctr.*,
   832 F.3d 1024 (9th Cir. 2016) ...........................................................11, 18

*Krantz v. BT Visual Images, LLC*,
   89 Cal. App. 4th 164 (2001) ...................................................................20

*Kuba v. 1-A Agricultural Ass'n*,
   387 F.3d 850 ....................................................................................19, 23

*Kuxhausen v. BMW Financial Services NA LLC*,
   707 F.3d 1136 (9th Cir. 2013) ..................................................................3

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California
90067.3107
310.553.0308

iv

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND

CASE NO. 3:24-CV-08791 - SK

*Lainez v. Wilhelm, LLC*,
   2024 WL 4291857 (N.D. Cal. Sept. 25, 2024) ..........................................................4

*Linebarger v. Graphic Packaging International, LLC*,
   2020 WL 1934958 (C.D. Cal. Apr. 22, 2020) ........................................................19

*Lippitt v. Raymond James Fin. Servs., Inc.*,
   340 F.3d 1033 (9th Cir. 2003) ................................................................................8

*Macias v. Levy Premium Foodservices Limited Partnership*,
   2015 WL 12747900 (C.D. Cal. Feb. 12, 2015)......................................................14

*Martinez v. Omni Hotels Management Corporation*,
   514 F. Supp. 3d 1234-36 (S.D. Cal. 2021) .....................................................20, 21

*Melena v. ASRC Industrial Services, LLC*,
   2022 WL 423493 (C.D. Cal. Jan. 19, 2022) ....................................................21, 22

*Mellon v. Universal City Studios, LLC*,
   625 F. Supp. 3d 1007 (C.D. Cal. Sep. 2, 2022) ...................................................9, 18

*Metro. Life Ins. v. Taylor*,
   481 U.S. 58 (1987).................................................................................................7, 8

*Moore-Thomas v. Alaska Airlines, Inc.*,
   553 F.3d 1241 (9th Cir. 2009) ................................................................................9

*Oswald v Murray Plumbing & Heating Corp.*,
   82 Cal. App. 5th 938 (2022).............................................................................21, 22

*Owen v. L'Occitane, Inc.*,
   2013 WL 941967 (C.D. Cal. March 8, 2013) .........................................................4

*Parrino v. FHP, Inc.*,
   146 F.3d 699 (9th Cir. 1998) ................................................................................8

*Radcliff v. San Diego Gas & Elec. Co.*,
   519 F. Supp. 3d 743 (S.D. Cal. 2021).......................................................7, 8, 20

*Rea v. Michaels Stores Inc.*,
   742 F.3d 1234 (9th Cir. 2014) ...............................................................1, 3, 5, 6

*Rissetto v. Plumbers & Steamfitters Local 343*,
   94 F.3d 597 (9th Cir. 1996) ...............................................................................9, 12

*Rivas v. Solv Energy, LLC*,
   2024 WL 3623519 (S.D. Cal. Aug. 1, 2024) .........................................................21

*Rodriguez v. Gonsalves & Santucci, Inc.*,
   2022 WL 161892 (N.D. Cal. Jan. 18, 2022) ...................................................... *passim*

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND

CASE NO. 3:24-CV-08791 - SK

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California
90067.3107
310.553.0308

*Roth v. CHA Hollywood Med. Ctr.*,
    720 F.3d 1121 (9th Cir. 2013) .................................................................1, 4, 5, 6

*Sachs v. Pankow Operating, Inc.*,
    2022 WL 489696 (C.D. Cal. Feb. 16, 2022)...........................................................14

*Sanchez v. AMCO Insurance Company*,
    2020 WL 5362406 (E.D. Cal. Sept. 8, 2020)............................................................4

*Schroeder v. Trans World Airlines, Inc.*,
    702 F.2d 189 (9th Cir. 1983) ....................................................................................8

*Sheppard v. Staffmark Inv.*,
    2020 WL 5593232 (N.D. Cal. Sep. 18, 2020) ..........................................................6

*Steele v. Calportland Company Inc.*,
    2009 WL 10672520 (C.D. Cal. July 14, 2009) .......................................................14

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*,
    802 F. Supp. 2d 1125 (CD Cal. 2011) ......................................................................2

*Stiren v. Lowes Home Centers, LLC*,
    2019 WL 1958511 (C.D. Cal. May 2, 2019) .............................................................5

*The Fair v. Kohler Die & Specialty Co.*,
    228 U.S. 22 (1913)....................................................................................................7

*Thieroff v. Marine Spill Response Corp.*,
    2022 WL 2965393 (C.D. Cal. Jun. 6, 2022)......................................................17, 18

*United Steelworkers of America v. Rawson*,
    495 U.S. 362 (1990)..................................................................................................9

*United Steelworks of America v. Warrior & Gulf Nav. Co.*,
    363 U.S. 574 (1960)................................................................................................18

*Valles v. Ivy Hill Corp.*,
    410 F.3d 1071 (9th Cir. 2005) ................................................................................11

*Vasquez v. Packaging Corp. of Am.*,
    2019 WL 4543106 (C.D. Cal. June 7, 2019) ..........................................................20

*Vasserman v. Henry Mayo Newhall Memorial Hospital*,
    65 F. Supp. 3d 932 (C.D. Cal. 2014) ......................................................................11

*Vranish v. Exxon Mobil Corp.*,
    223 Cal. App. 4th 103 (2014) .....................................................................12, 14, 16

*Williams v. Raley's Superstores, Inc.*,
    1995 WL 20462 (N.D. Cal. Jan. 13, 1995) ...............................................................5

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND

CASE NO. 3:24-CV-08791 - SK

LITTLER MENDELSON,
P.C.
2049 Century Park East,
5th Floor
Los Angeles, California
90067.3107
310.553.0308

*WRPV XI City Place Long Beach LLC v. Byers*,
No. CV 15-02514 SJO, 2015 U.S. Dist. LEXIS 50405 (C.D. Cal. Apr. 16, 2015) ....................................................................................................................8

*Young v. Anthony's Fish Grottos, Inc.*,
830 F.2d 993 (9th Cir. 1987) ..........................................................................8

*Zayerz v. Kiewit Infrastructure*,
2018 WL 582318 (C.D. Cal. Jan. 18, 2018) ..................................................17

**Statutes**

28 U.S.C. § 1367(a) ..............................................................................................22

28 U.S.C. §§ 1446, 1453(b) ...................................................................................2

28 U.S.C. § 1446(b) ...........................................................................................1, 3

28 U.S.C. § 1446(b)(3) ......................................................................................2, 4

29 U.S.C. § 185 .................................................................................................1, 7

29 U.S.C. § 185(a) .................................................................................................6

Cal. Bus.& Prof. Code §17200 ...........................................................................20

Cal. Code Regs., Tit. 8, § 11160(11)(A) .............................................................16

Cal. Code Regs., Title 8, § 11160(11)(D)-(E) ....................................................17

Cal. Lab. Code § 226.7(e) ......................................................................10, 15, 17

Cal. Lab. Code § 510 ..............................................................................12, 14, 20

Cal. Lab. Code § 512(e)(1) ..................................................................................10

Cal. Lab. Code § 512(e)(2) ..................................................................................15

Cal. Lab. Code § 512(e)-(g) .................................................................................15

Cal. Lab. Code § 514 ...........................................................................................10

Cal. Labor Code § 226 .........................................................................................19

Cal. Labor Code § 226.7 ......................................................................................16

Cal. Labor Code § 512 ...............................................................................9, 15, 16

Cal. Labor Code § 512(e) ..............................................................................12, 16

Cal. Labor Code § 512(e)-(f) ...............................................................................11

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California
90067.3107
310.553.0308

vii

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND                                    CASE NO. 3:24-CV-08791 - SK

Cal. Labor Code § 514 ................................................................................. *passim*

Cal. Labor Code § 2699.6 ..........................................................................21, 22

Cal. Labor Code §2699.6(a) ......................................................................21, 22

Cal. Labor Code § 2802 ...................................................................................19

**Other Authorities**

Wage Order 16 ..................................................................................................16, 17

Wage Order 16, § 11 .........................................................................................16

Wage Order 16, §§ 11(D)-(E) ...........................................................................17

Wage Order 16, §11(E), Wage Order 16 .........................................................10

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California
90067.3107
310.553.0308

viii

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND

CASE NO. 3:24-CV-08791 - SK

## I.    INTRODUCTION

Plaintiff Tyrese Lyons' ("Plaintiff") Motion to Remand fails because Defendant Benson Industries, Inc. ("Defendant" or "Benson") timely and properly removed this action. Plaintiff's Motion to Remand repeatedly relies on outdated, non-controlling case law.

On November 30, 2023, Plaintiff filed his putative class action Complaint alleging various wage claims. (Dkt. No. 1-2 [Mittal Decl.], Ex. 1) On June 4, 2024, Plaintiff filed a First Amended Complaint adding a Private Attorneys General Act ("PAGA") claim. (*Id.*, Ex. 11 ("FAC"). As Plaintiff admits, the Complaint and FAC make no reference to a collective bargaining agreement ("CBA"). However, Plaintiff's employment was governed by a CBA between Benson and the District Council of Iron Workers of California and Vicinity ("Union"). (*See* Dkt. No. 1-1 [Strass Decl."] ¶¶ 3-6, Exs. A-B.) Defendant removed the case on December 5, 2024, due to federal question jurisdiction. (Dkt. No. 1.) **Because the Complaint did not reference the CBA and Benson did not receive an amended pleading or other document *from Plaintiff* referencing the CBA, there was no thirty-day deadline under 28 U.S.C. § 1446(b) to remove the case and thus Benson's removal was timely**. *See Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014); *see also Roth v. CHA Hollywood Med. Ctr.*, 720 F.3d 1121, 1125 (9th Cir. 2013). **The filing of an Answer by Benson and correspondence from Benson's counsel to Plaintiff's counsel did not trigger any removal deadlines because it is well-established that a document created by a defendant is insufficient to do so**. *See Roth,* 720 F.3d at 1125-26; *see also Adelpour v. Panda Express, Inc.*, 2010 WL 2384609, at *4, fn.7 (C.D. Cal. June 8, 2010).

Plaintiff also erroneously contends that complete federal preemption under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA") is not a proper basis for removal. Plaintiff is incorrect.   In fact, the United States District Court, Eastern District of California has already denied a similar motion to remand in a related case by another former Benson employee who was part of a different union. *See Clee v. Benson Industries, Inc.*, 2024 WL 4462337, at *3-5 (E.D. Cal. Sept. 30, 2024) (denying motion to remand because overtime claim was subject to LMRA preemption due to Labor Code § 514 exemption).

Despite the lack of reference to the CBA in the Complaint, complete federal preemption

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California
90067.3107
310.553.0308

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND                                    CASE NO. 3:24-CV-08791 - SK

under the LMRA is an exception to the "well-pleaded complaint" rule and provides a proper basis for removal based on federal question jurisdiction. *See Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000); *see also Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019). The Ninth Circuit applies a two-step test as set forth in *Curtis* to determine if a claim is preempted under the LMRA because the claim solely exists as a result of, or is substantially dependent on, interpreting a CBA. *Curtis*, 913 F.3d at 1152-53. Here, Plaintiff brings claims for overtime, meal and rest period violations, and related claims under the California Labor Code but those claims amount to federal claims because Plaintiff is subject to applicable statutory and Industrial Welfare Commission Wage Order ("Wage Order") CBA exemptions from those Labor Code provisions. Plaintiff only disputes the Labor Code section 514 exemption for his overtime claims and thus concedes the applicability of the exemptions to the other claims identified in the Notice of Removal. *See, e.g., Jenkins v. Cty. of Riverside*, 398 F.3d 1093,1098, fn. 4 (9th Cir. 2005) (treating arguments as abandoned when not raised in briefing); *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (CD Cal. 2011) (same). Moreover, Plaintiff disregards the Ninth Circuit's binding precedent that these exemptions result in complete LMRA preemption pursuant to Step One of the *Curtis* test. *See Curtis*, 913 F.3d at 1154. The remaining claims are preempted because they are derivative claims or because they require interpretation of the CBA under Step Two of the *Curtis* test. Thus, Benson properly removed the entire action. To the extent the Court determines any claims are not preempted, such claims are subject to Court's supplemental jurisdiction, which should be exercised here.

## II.    DEFENDANT'S REMOVAL WAS TIMELY BECAUSE THE BASIS FOR REMOVAL IS NOT IDENTIFIED ON THE FACE OF THE COMPLAINT

The removal statutes generally require a party to remove a case within 30 days of receiving the complaint. *See* 28 U.S.C. §§ 1446, 1453(b). However, an exception to this rule exists:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days *after receipt by the defendant*, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3) (emphasis added). Accordingly, the Ninth Circuit has held that the initial 30-day period for removal "starts to run from defendant's receipt of the initial pleading *only when*

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California
90067.3107
310.553.0308

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND                                    CASE NO. 3:24-CV-08791 - SK

1    that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction."

2    *Harris v. Bankers Life & Cas. Co*., 425 F.3d 689, 691–92 (9th Cir. 2005) (internal quotation marks

3    omitted) (emphasis added). Plaintiff agrees the removal procedures set forth in 28 U.S.C. § 1446(b)

4    apply to LMRA removals. (*See* Dkt. No. 18 at 12:1-8.)[1]

5    　　　　The Ninth Circuit has further concluded that "the two 30-day periods are not the exclusive

6    periods for removal." *Rea*, 742 F.3d at 1238. "[A]s long as the complaint or 'an amended pleading,

7    motion, order or other paper' [received by the defendant] does not reveal that the case is removable,

8    the 30-day time period [i.e., the second 30-day window] never starts to run and the defendant may

9    remove *at any time*." *Id.* (emphasis added); *see also Kuxhausen v. BMW Financial Services NA*

10    *LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013) ("By leaving the window for removal open, it forces

11    plaintiffs to assume the costs associated with their own indeterminate pleadings."); *Kernan v.*

12    *Health Care Service Corporation*, 2018 WL 3046961, at *4 (C.D. Cal. June 19, 2018) (applying

13    *Roth* and holding that "[t]he Complaint did not make clear on its face that it raised a federal

14    question, and, as such, the 30–day removal limitation period under 28 U.S.C. § 1446(b)(1) never

15    began to run."). "[N]otice of removability under § 1446(b) is determined through examination of

16    the four corners of the applicable pleadings, not through subjective knowledge or a duty to make

17    further inquiry." *Harris*, 425 F.3d at 694. Accordingly, Benson's removal was timely because

18    federal question removal was not readily determinable strictly from the four corners of the

19    Complaint, as Plaintiff admits.

20    **A.    Plaintiff Concedes That The First 30-Day Removal Window Was Never
        Trigged Because The Complaint Does Not Expressly Reference The CBA.**

21

22    　　　　Plaintiff claims that "Plaintiff's Complaint arises exclusively from California law" and that

23    "[a]bsent from Plaintiff's Complaint is any reference to federal law or any allegation that

24    Defendant violated provisions of a CBA." (Dkt. No. 18 at 9:26, 17:25-26.) Thus, Plaintiff concedes

25    that the initial 30-day day removal was not triggered because the basis for removal was not

26    reflected on the face of the Complaint. *See* 8 U.S.C. § 1446(b); *Harris*, 425 F.3d at 691–92.

27    Moreover, Plaintiff's argument that his claims are purportedly not preempted because the

28    ───────────────────
[1] All citations to previously filed documents are citations to ECF page numbers.

LITTLER MENDELSON,
P.C.
2049 Century Park East,
5th Floor
Los Angeles, California
90067.3107
310.553.0308

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND

3

CASE NO. 3:24-CV-08791 - SK

1    Complaint does not reference the CBA or create a federal question on its face undercuts any

2    argument to the contrary. Plaintiff cannot have it both ways.

3        **B.    The Second 30-Day Removal Window Was Never Triggered Because
            Defendant Did Not Receive A Pleading Or Other Paper *From Plaintiff*
4            Containing A Basis For Removal.**

5        Plaintiff contends the second 30-day removal window was triggered by Benson's filing of

6    an Answer and a letter from Benson's counsel to Plaintiff's counsel. However, the second 30-day

7    removal window only begins "*after receipt by the defendant*, through service or otherwise, of a

8    copy of an amended pleading, motion, order or other paper from which it may first be ascertained

9    that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added).

10        A document created by a defendant, as opposed to one received from the plaintiff, cannot

11    constitute a pleading or "other paper" for purposes of the second 30-day removal window in 28

12    U.S.C. section 1446(b)(3). *See Roth,* 720 F.3d at 1125-26 (holding an affidavit created by the

13    defendant based on its own knowledge does not begin the running of the 30-day time limit of

14    section 1446(b)(3)); *see also Adelpour*, 2010 WL 2384609 at *4, fn.7 (recognizing that an "other

15    paper" for purposes of removal "cannot be one created by the defendant" and "must result from

16    the voluntary act of a plaintiff") (citation omitted). In *Lainez v. Wilhelm, LLC*, 2024 WL 4291857

17    (N.D. Cal. Sept. 25, 2024), the court held that personnel records produced by the defendant

18    showing the plaintiff's union membership did not impact the timeliness of a removal based on

19    LMRA preemption because they were not documents received from the plaintiff. *Id*. at *3; *see

20    also Owen v. L'Occitane, Inc*., 2013 WL 941967, at *8 (C.D. Cal. March 8, 2013) (defendant's

21    discovery requests not an "other paper" for purposes of removal); *Sanchez v. AMCO Insurance

22    Company*, 2020 WL 5362406, at *3 (E.D. Cal. Sept. 8, 2020) (defendant's discovery responses

23    and documents produced by defendant in discovery not an "other paper" for purposes of removal).

24        Thus, Benson's filing of an Answer and a letter sent by Benson's counsel cannot constitute

25    an "other paper" that was *received by* Benson *from* Plaintiff for purposes of removal and those

26    documents do not have any impact on the timing of the removal. Plaintiff relies only upon

27    inapposite and outdated case law. For example, in *Alvarado v. King Meat, Inc*., 2016 WL 538451

28    (C.D. Cal. Feb. 8, 2016), the "other paper" was a *joint* management conference statement, which

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California
90067.3107
310.553.0308

4

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND                    CASE NO. 3:24-CV-08791 - SK

is partially created by the plaintiff and thus constitutes a document received from the plaintiff. *Id.* at *5. Plaintiff also cites to *Williams v. Raley's Superstores, Inc.*, 1995 WL 20462 (N.D. Cal. Jan. 13, 1995), an outdated case that did not consider the definition of "other paper", and is contrary to the 9th Circuit's subsequent holdings in *Rea* and *Roth*.[2]

### C.    There Is No Duty To Investigate The Basis For Removal When It Is Not Readily Determinable From The Pleading.

It is well-established that there is no duty imposed upon on a defendant to "investigate" a pleading that does not reveal a basis for removal within its four corners. *Roth*, 720 F.3d at 1125; *see also Harris*, 425 F.3d at 693-694 (holding that a defendant does not have a duty of inquiry if the initial pleading or other document is "indeterminate" with respect to removability). Stated differently, "even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document." *Roth*, 720 F.3d at 1125. "Even the simplest of inquiries is not required" and "defendants are not charged with *any* investigation, not even into their own records." *Stiren v. Lowes Home Centers, LLC*, 2019 WL 1958511, at *3 (C.D. Cal. May 2, 2019) (emphasis in original).

### D.    A Defendant's Own Investigation Does Not Trigger Either Removal Window.

The Ninth Circuit holds a defendant's own investigation does *not* trigger either 30-day removal window. *See Roth*, 720 F.3d at 1125 (a defendant is permitted "to remove outside the two thirty-day periods on the basis of its own information"); *see also Anaya v. Mars Petcare US, Inc.*, 2021 WL 5578724, at *4 (C.D. Cal. Nov. 29, 2021) (recognizing that the Ninth Circuit has held that "when the pleadings are indeterminate and no other paper clarifies the grounds for removal, defendants have no duty to investigate and may remove any time"). Thus, Defendant did not waive any right to remove this action based upon its own knowledge and the timing of its own investigation. As the *Roth* court explained, plaintiffs who "prevent or delay removal by failing to

---

[2] Plaintiff cannot rely on *Costa v. Verizon New Jersey, Inc.*, 936 F. Supp. 2d 455, 466-467 (D.N.J. 2013) or *Haber v. Chrysler Corp.*, 958 F. Supp. 321, 326 (E.D. Mich. 1997) because they are district court decisions outside the Ninth Circuit and therefore irrelevant to the Motion to Remand, and cannot trump binding Ninth Circuit precedent on these issues.

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California
90067.3107
310.553.0308

5

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND                                CASE NO. 3:24-CV-08791 - SK

reveal information showing removability" should not be permitted to then object to removal "when the defendant has discovered that information on its own." *Roth*, 720 F.3d at 1125. The Ninth Circuit provides the solution for Plaintiff. "If plaintiffs think that their action may be removable and think, further, that the defendant might delay filing a notice of removal until a strategically advantageous moment, they need only provide to the defendant a document from which removability may be ascertained." *Id*. at 1126; *see also Anaya*, 2021 WL 5578724 at *5 ("even if defendants strategically wait to remove after lengthy litigation in state court, as long as they have not received pleadings or papers enabling them to ascertain the grounds for removability, the removal remains timely"). Thus, Benson conducting its own investigation does not alter the timeliness of the removal. *See Sheppard v. Staffmark Inv*., 2020 WL 5593232, at *6 (N.D. Cal. Sep. 18, 2020) (recognizing that the Ninth Circuit "does not require [a defendant] to prove that it removed the case within thirty days of its own investigation"); s*ee also Kernan*, 2018 WL 3046961 at *4 ("[Defendant's] independent inquiry ... cannot start the thirty-day removal limitation period").

Moreover, Benson's own knowledge did not trigger a removal deadline. *See Harris*, 425 F.3d at 694 (removability is not determined through a defendant's subjective knowledge). Plaintiff's reliance on *Alvarado*, 2016 WL 538451 at *5-6 is misplaced because that decision is based on an outdated Ninth Circuit decision from decades earlier – *Cantrell v. Great Republic Ins. Co*., 873 F.2d 1249, 1255 (9th Cir. 1989) – that is contrary to the more recent Ninth Circuit decisions in *Rea*, *Roth*, and *Harris* holding that a defendant's own investigation and own knowledge cannot trigger the removal deadline. Further, knowledge of the existence of the CBA is not sufficient to determine LMRA preemption according to Plaintiff, who contends that additional information outside the CBA is needed to determine preemption. (*See* Dkt. No. 18 at 17:2-13.)

## III.    COMPLETE FEDERAL LMRA PREEMPTION IS A PROPER BASIS FOR REMOVAL

Under Section 301 of the LMRA, "[s]uits for violation of contracts between an employer and a labor organization … may be brought in any district court of the United States." 29 U.S.C.

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California
90067.3107
310.553.0308

6

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND                    CASE NO. 3:24-CV-08791 - SK

§ 185(a). Courts interpret the LMRA to authorize federal courts "to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts." *Curtis*, 913 F.3d at 1151 (citations omitted).

Plaintiff's reliance on the general "well-pleaded complaint" rule that federal jurisdiction exists when a federal question is set forth on the face of the complaint is irrelevant because the exception of complete federal preemption applies here. As the Ninth Circuit recognized in *Balcorta*:

> There does exist, however, a corollary to the well-pleaded complaint rule, known as the "complete preemption" doctrine. The Supreme Court has concluded that the preemptive force of some statutes is so strong that they "completely preempt" an area of state law. In such instances, **any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law. The "complete preemption" exception to the well-pleaded complaint rule is applied primarily under § 301 of the LMRA**.

*Balcorta*, 208 F.3d at 1107 (emphasis added). The Ninth Circuit subsequently reiterated that "a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court." *Curtis*, 913 F.3d at 1152; *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 393-94 (1987) (recognizing that complete preemption under § 301 of the LMRA is an exception to the well-pleaded complaint rule and permits removal). This is because "[a]lthough normally federal preemption is a defense that does not authorize removal to federal court, § 301 has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Curtis*, 913 F.3d at 1152 (citing *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)); *see also Radcliff v. San Diego Gas & Elec. Co.*, 519 F. Supp. 3d 743, 750 (S.D. Cal. 2021) (denying motion to remand due to § 301 preemption where underlying state law overtime claim of union employee was preempted by the Labor Code § 514 exemption); *Clee*, 2024 WL 4462337 at *3-5 (same).

Plaintiff ignores and fails to respond to the applicable recent case law on the issue cited in Benson's Notice of Removal. (*See* Dkt. No. 1 at 7:1-8:1.) Instead, Plaintiff relies on cases that are outdated or did not involve LMRA preemption and therefore do not implicate the complete preemption doctrine as follows:

- *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) addresses whether federal

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND

7

CASE NO. 3:24-CV-08791 - SK

question jurisdiction exists based on federal patent laws;

- *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) involves the question of federal preemption based on Title VII of the Civil Rights Act, which does not completely preempt state laws against discrimination; and

- *WRPV XI City Place Long Beach LLC v. Byers*, No. CV 15-02514 SJO (FFMx), 2015 U.S. Dist. LEXIS 50405, at *3 (C.D. Cal. Apr. 16, 2015) analyzes federal preemption under the Protecting Tenants at Foreclosure Act.

Plaintiff also generally cites to *Caterpillar* but overlooks the part of the decision where the Supreme Court explicitly holds that complete federal preemption under the LMRA is as an exception to the general well-pleaded complaint rule for purposes of removal: "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393-94; *see also Metro. Life Ins.*, 481 U.S. at 64-67 (finding ERISA claims subject to removal under complete federal preemption doctrine because Congressional intent to completely preempt a field must be honored).

Accordingly, Plaintiff cannot plead around complete federal preemption. *See Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997-99 (9th Cir. 1987) (plaintiff's state law claim was preempted under § 301 despite no mention of a collective bargaining agreement in the complaint); *see also Radcliff*, 519 F. Supp. 3d at 750 ("Plaintiff cannot artfully plead around his CBA in his complaint because, regardless, preemption attaches to a CBA dispute dressed in state law garb.") (citations and internal quotation marks omitted). It is irrelevant that Plaintiff alleges state law violations and did not allege violations of the CBA. "Because complete preemption often applies to complaints drawn to evade federal jurisdiction, a federal court may look beyond the face of the complaint to determine whether the claims alleged as state law causes of action in fact are necessarily federal claims." *Parrino v. FHP, Inc.*, 146 F.3d 699, 704 (9th Cir. 1998) (superseded by statute on other grounds); *see also Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003) (courts can look beyond the face of the complaint to find federal question jurisdiction by recharacterizing state law claims as federal claims); *Schroeder v. Trans World*

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California
90067.3107
310.553.0308

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND

CASE NO. 3:24-CV-08791 - SK

1    *Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983), overruled in part on other grounds by *Moore-*

2    *Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir. 2009) (court may look to facts presented

3    in removal papers when resolving federal question jurisdiction). Thus, the Court may consider

4    documents extrinsic to the FAC such as the CBA to determine whether removal was proper.

5    **IV.    THE NINTH CIRCUIT APPLIES THE TWO STEP TEST IN *CURTIS* TO**
6    **DETERMINE IF A CLAIM IS SUBJECT TO COMPLETE FEDERAL LMRA**
     **PREEMPTION**

7            Section 301 of the LMRA completely preempts all claims that are based on, or require the

8    interpretation of, a collective bargaining agreement. *United Steelworkers of America v. Rawson*,

9    495 U.S. 362, 368–69 (1990); *see also Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985)

10   (if preempted, the "claim must either be treated as a § 301 claim"). As articulated in *Burnside v.*

11   *Kiewit Pacific Corp.*, 491 F.3d 1053, 1059-60 (9th Cir. 2007) and *Curtis*, 913 F.3d at 1152, the

12   Ninth Circuit applies a two-step test to determine if a claim is preempted.

13           <u>*Curtis* Step One</u>.  Under the LMRA preemption analysis, courts must first inquire whether

14   the relief requested by a plaintiff "involves a right [that] exists solely as a result of the CBA."

15   *Curtis*, 913 F.3d at 1152. Under *Curtis*, when an asserted Labor Code claim is covered by an

16   available CBA exemption – such that there exists no valid underlying state law claim – the inquiry

17   is resolved at this first step in favor of preemption. *See, e.g., Jones v. Sysco Ventura Inc.,* 2021 WL

18   6104193, at *7 (C.D. Cal. Sep. 1, 2021) (overtime and meal period claims preempted where Labor

19   Code §§ 512 and 514 exemptions applied); *Giles v. Canus Corp.*, 2022 WL 3370793, at *4-5 (N.D.

20   Cal. Aug. 16, 2022) (meal period claim preempted where Labor Code § 512 exemption applied).

21   Most of Plaintiff's claims are preempted under *Curtis* Step One.

22           <u>*Curtis* Step Two</u>.  If no LMRA preemption is found at Step One, courts proceed to Step

23   Two of the analysis, which asks "whether a plaintiff's state law right is substantially dependent on

24   analysis of the CBA." *Curtis*, 913 F.3d at 1153; *see also Rissetto v. Plumbers & Steamfitters Local*

25   *343*, 94 F.3d 597, 599 (9th Cir. 1996) ("A claim pleaded under state law that requires the

26   interpretation of a collective bargaining agreement is transformed by section 301 of the LMRA

27   into a claim arising under federal law."). Under Step Two, preemption applies if the resolution of

28   a plaintiff's claim requires interpretation of the collective bargaining agreement. *See Mellon v.*

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California
90067.3107
310.553.0308

9

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND                                    CASE NO. 3:24-CV-08791 - SK

*Universal City Studios, LLC*, 625 F. Supp. 3d 1007, 1016 (C.D. Cal. Sep. 2, 2022) (denying motion to remand where minimum wage claim required interpretation of agreement to determine whether plaintiff was compensated for time spent undergoing security checks); *see also Giles,* 2022 WL 3370793 at *6 (minimum wage claim preempted because resolving that claim would require interpretation of contractual terms "actual time worked" and "show-up pay"). To the extent Plaintiff's claims are not preempted under *Curtis* Step One, they are preempted under Step Two due to necessary interpretation of the CBA.

## V.    PLAINTIFF'S CLAIMS ARE SUBJECT TO COMPLETE LMRA FEDERAL PREEMPTION UNDER *CURTIS*

Plaintiff only challenges the applicability of the Labor Code section 514 exemption to his overtime claim and thus waives the application of the statutory exemptions to his meal and rest period claims. Plaintiff also fails to make any specific argument regarding whether the remaining claims require interpretation of the CBA under *Curtis* Step Two. Instead, Plaintiff relies heavily on arguments contrary to the facts or law and are insufficient to support remand.

### A.    The Statutory Labor Code Exemptions Do Not Require Union Membership.

Without any legal authority, Plaintiff argues there is no federal preemption because Benson purportedly failed to establish union membership. The statutory exemptions for overtime and meal and rest periods do not depend on union membership but rather apply to employees "covered by a valid collective bargaining agreement." *See* Cal. Lab. Code §§ 226.7(e), 512(e)(1), 514; Wage Order 16, §11(E).[3] The relevant statutes or regulations do not condition the exemptions upon union membership. The CBA applies to anyone performing covered work. (Dkt. No. 1-1, Ex. A, § 3, pp. 18-21.) Benson also establishes in its removal papers that Plaintiff's employment and work was covered by the CBA. (*See* Dkt. No. 1-1, ¶ 6, pp. 2-3). The scope of the CBA is not defined by union membership, which is thus irrelevant to the Motion to Remand.

Regardless, Plaintiff *was* a Union member. Notably, he has not submitted a declaration claiming he was not a member of the Union, and the Motion to Remand does not contend that

---

[3] Wage Order 16 applies to the construction industry and can be found on the Dept. of Industrial Relations website at: https://www.dir.ca.gov/iwc/iwcarticle16.pdf

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND                                    CASE NO. 3:24-CV-08791 - SK

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California
90067.3107
310.553.0308

either. Indeed, *Plaintiff submitted evidence demonstrating his Union membership*. Specifically, Plaintiff includes his Payroll Register with the Motion to Remand and its shows that he had deductions for Union vacation, and that he received payment of Union benefits throughout every pay period of his employment with Benson. (*See* Dkt. No. 18-1, Ex. E to Ex. A to the Decl. of Dorota A. James, pp. 217-224.) Moreover, the CBA requires everyone performing work within its covered scope to apply for and maintain Union membership. (Dkt. No. 1-1, Ex. A, § 4, p. 23.) Accordingly, Plaintiff's argument is nothing but a red herring.

> **B.     Plaintiff's State Law Claims Are Preempted If He Is Exempt From State Law Or The Claim Requires Interpretation Of The CBA.**

The Ninth Circuit unequivocally holds that a claim brought under the California Labor Code "'exists solely as a result of the CBA,' and therefore is preempted under § 301" if an exemption to the Labor Code statute applies. *Curtis*, 913 F.3d at 1153-54 (citing *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016)). This is Step One of the *Curtis* test. Plaintiff ignores this binding authority and instead cites to a Ninth Circuit case from 2005 that did not address a statutory exemption. *Valles v. Ivy Hill Corp.*, 410 F.3d 1071 (9th Cir. 2005) involved the questions of whether a CBA could waive an employee's non-negotiable state law meal period rights and whether interpretation of the CBA was necessary to resolve the meal period claim. *Id*. at 1076. Similarly, Plaintiff cites to *Vasserman v. Henry Mayo Newhall Memorial Hospital*, 65 F. Supp. 3d 932, 960 (C.D. Cal. 2014) and *Garcia v. Rite Aid Corp.*, 2017 WL 1737718, at *8 (C.D. Cal. May 3, 2017) for the general proposition that statutory meal period rights are non-negotiable.

Critically, Benson's removal as to Plaintiff's meal period claim is not based upon a waiver of meal period rights by the Union and the CBA. Rather, Benson asserts that the statutory meal period exemption in Labor Code sections 512(e)-(f) for construction employees applies here, and that means pursuant to *Curtis*, the meal period claim cannot exist under state law. The same is true of the overtime and rest period claims. The California legislature expressly provides certain Labor Code rights do not apply to particular employees covered by collective bargaining agreements.

Accordingly, Plaintiff does not have such rights under state law, whether he attempts to

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California
90067.3107
310.553.0308

11

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND

CASE NO. 3:24-CV-08791 - SK

1    plead them or not. If the requirements of a Labor Code exemption are met, the state law rules "as

2    a whole," do not apply. *Vranish v. Exxon Mobil Corp.*, 223 Cal. App. 4th 103, 111 (2014). Where,

3    as here, the Labor Code section 512(e) exemption applies, a pleaded state law meal period claim

4    is preempted by Section 301 of the LMRA. *See Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1098

5    (N.D. Cal. 2014) (plaintiff cannot assert a meal period claim under state law where the Labor Code

6    § 512(e) exemption requirements are met); s*ee also Blackwell v. Commercial Refrigeration

7    Specialists, Inc.*, 2021 WL 2634501, at *5 (E.D. Cal. June 25, 2021) ("plaintiff's meal period claim

8    exists only because of his CBA and is thus preempted" where Labor Code § 512(e) exemption

9    applies); *Rodriguez v. Gonsalves & Santucci, Inc.*, 2022 WL 161892, at *4 (N.D. Cal. Jan. 18,

10   2022) (where Section 512(e) exemption met, "[t]he plaintiff's assertion that he has an independent

11   state right to meal periods is wrong").

12            Even if there is no applicable exemption, LMRA preemption exists if "a plaintiff's state

13   law right is substantially dependent on analysis of the CBA." *Curtis*, 913 F.3d at 1153; *Rissetto*,

14   94 F.3d at 599. Plaintiff does not dispute that the need to interpret the CBA results in LMRA

15   preemption of a claim.

16   **C.     Plaintiff's Overtime Claim Is Preempted Under *Curtis* Step One Because**

17   **Plaintiff Is Exempt From California's Overtime Requirements Pursuant To Labor Code Section 514.**

18            Plaintiff's Second Cause of Action alleges a claim for unpaid overtime under California

19   law. (FAC ¶¶ 14-15, 43-51.) The Labor Code provides "[a]ny work in excess of eight hours in one

20   workday and any work in excess of 40 hours in any one workweek … shall be compensated at the

21   rate of no less than one and one-half times the regular rate of pay for an employee." Cal. Lab. Code

22   § 510. However, Labor Code Section 514 provides an overtime exemption where, as here:

23            "[A]n employee [is] covered by a valid collective bargaining agreement if the
         agreement expressly provides for the wages, hours of work, and working conditions

24       of the employees, and if the agreement provides premium wage rates for all
         overtime hours worked and a regular hourly rate of pay for those employees of not

25       less than 30 percent more than the state minimum wage."

26   Cal. Lab. Code § 514; *see also Firestone v. So. Cal. Gas Co.*, 219 F.3d 1063, 1067 (9th Cir. 2000)

27   (the overtime exemption applies to those employees "who have sought and received alternative

28   wage protections through the collective bargaining process.").

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California
90067.3107
310.553.0308

12

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND                                    CASE NO. 3:24-CV-08791 - SK

1       The criteria for the exemption are met here. The CBA provides for a range of wages, hours

2  and working conditions. (Dkt. No. 1-1, Ex. A §§ 6-9, 11, pp. 31-51, 55, Ex. B, pp. 116-157.) The

3  CBA provides premium wage rates for all overtime hours worked, paid at time and one-half for

4  hours worked over 8 hours in a day or 40 hours in a week, plus double-time for hours worked over

5  10 hours in a day or on Sundays or holidays. (*Id.*, Ex. A, § 7(A), p. 45.) Plaintiff does not contest

6  either point.

7       The CBA also provides hourly rates of pay to Benson employees at least 30 percent above

8  the California minimum wage. The applicable minimum wage rates are $12.00 for 2019, $13.00

9  for 2020, $14.00 for 2021, $15.00 for 2022, $15.50 for 2023, and $16.00 for 2024.[4] (*See*

10  Defendant's Request for Judicial Notice ¶¶ 1-3, Exs. 1-2.) Thus, 130% of minimum wage is equal

11  to $15.60 in 2019, $16.90 in 2020, $18.20 in 2021, $19.50 in 2022, $20.15 in 2023, and $20.80 in

12  2024. At all relevant times, Benson employees were subject to the wage rates outlined in the CBA's

13  geographic zones entitled "Bay Area Counties,", "Zone 1," and "Zone 2" for the Journeyman job

14  classification. (Dkt. No. 1 at 21:24-26; Dkt. No. 1-1, ¶ 8, p. 3.) Benson has not employed any

15  individuals in the "Fence Erector" job classification or in the geographic zones for California &

16  Nevada, Zone 3, Zone, 4, and Zone 5 in the CBA. (Dkt. No. 1 at 21:26-22:1; Dkt. No. 1-1, ¶ 9, p.

17  3.)  The lowest rate for the Journeyman job classification in the Bay Area Counties, Zone 1 and

18  Zone 2 was $20.00 in 2019 (Dkt. No. 1, Ex. B, p. 116), $21.25 in 2020 (p. 124), $22.87 in 2021

19  (p. 129), $23.74 in 2022 (p. 135), $24.94 in 2023 (p. 141), and $26.04 in 2024 (p. 153).[5] Each of

20  these rates are above 130% of the applicable minimum wage. The schedules for the Fence Erector

21  position and the geographic zones for California & Nevada, Zone 3, Zone, 4, and Zone 5 are

22  irrelevant to whether the Labor Code section 514 exemption applies here. The CBA was negotiated

23  with a multi-employer group. (Dkt. No. 1-1, Ex. A, p. 16.) Those other wage rate schedules may

24  have applied to other employers, but the statute applies to employers and Benson never had any

25

26  [4] Plaintiff alleges a putative class period of four years and 178 days prior to the filing of the

27  Complaint. (FAC ¶ 26.) As the Complaint was filed on November 30, 2023, the period at issue
potentially goes back to 2019.

28  [5] Plaintiff was paid at least $36.51 throughout his employment. (Dkt. No. 1-1, ¶ 7, p. 3.)

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California
90067.3107
310.553.0308

13

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND                        CASE NO. 3:24-CV-08791 - SK

1  employees subject to those schedules. Despite this information provided in Benson's removal

2  papers, Plaintiff ignores that relevant wage scales and information and bases his entire opposition

3  to the Labor Code section 514 exemption on a rate for Zone 5, which did not apply to Benson.

4  (*See* Dkt. No. 18 at 20:11-18; *see also* Dkt. No. 1-1, Ex. B, p. 156.) In the related *Clee* case, the

5  district court rejected a similar argument by a former Benson employee trying to avoid application

6  of the Labor Code section 514 exemption by citing to wage schedules that did not apply to

7  Benson's employees. *See Clee*, 2024 WL 4462337, at *4.[6]

8        Accordingly, the Labor Code Section 514 overtime exemption, which has been construed

9  and applied liberally by courts, applies to Plaintiff's overtime claim and there is no right to

10 overtime under state law if the exemption applies. *See Vranish*, 223 Cal. App. 4th at 109 (where

11 Labor Code § 514 requirements are met, the overtime provisions of Labor Code § 510 do not apply

12 and an employer is only required to pay for overtime as defined by the CBA). **The Ninth Circuit**

13 **definitively held in *Curtis* that if the CBA meets the Section 514 exemption requirements, as**

14 **is the case here, the "right to overtime 'exists solely as a result of the CBA,' and therefore is**

15 **preempted under § 301."** *Curtis*, 913 F.3d at 1154 (citation omitted); *see also Hall v. Live Nation*

16 *Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1203-04 (C.D. Cal. 2015) (California overtime claim

17 preempted where requirements of Labor Code § 514 exemption met); *Blackwell*, 2021 WL

18 2634501, at *4-5 (same). In the related *Clee* case against Benson, the district court denied a motion

19 to remand due to LMRA preemption of the plaintiff's overtime claim because of the Section 514

20 exemption. *Clee*, 2024 WL 4462337, at *3-5. Plaintiff again ignores the controlling law and relies

21 on outdated pre-*Curtis* district court decisions - *Macias v. Levy Premium Foodservices Limited*

22 *Partnership*, 2015 WL 12747900 (C.D. Cal. Feb. 12, 2015) and *Steele v. Calportland Company*

23 *Inc.*, 2009 WL 10672520 (C.D. Cal. July 14, 2009). Neither case warrants discussion as they are

24 contrary to the binding Ninth Circuit authority in *Curtis*.

25        Confusingly, Plaintiff also argues that interpretation of the CBA is not necessary to resolve

26

27  _____

[6] Courts have also held that the Labor Code section 514 exemption applies if the plaintiff's own job classification and the vast majority of the employees met the 130% threshold. *See, e.g., Sachs v. Pankow Operating, Inc.*, 2022 WL 489696, at *4-6 (C.D. Cal. Feb. 16, 2022); *Huerta v.*

28 *Doubletree Employer LLC*, 2024 WL 890548, at *3 (C.D. Cal. Mar. 1, 2024).

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California
90067.3107
310.553.0308

14

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND                              CASE NO. 3:24-CV-08791 - SK

1   the overtime claim, which is the *Curtis* Step Two test. (*See* Dkt. No. 18 at 20:21-21:21.) Plaintiff

2   even quotes purported language from the Notice of Removal regarding analyzing and interpreting

3   the CBA for the overtime claim. (*Id*. at 20:1-5.) It is unclear what Plaintiff is referring to as the

4   Notice of Removal does not contain any such language. To the contrary, the Notice of Removal

5   asserts that the overtime claim is preempted under *Curtis* Step One because of the Labor Code

6   section 514 overtime exemption and does not contend that interpretation of the CBA is necessary

7   for the overtime claim. (*See* Dkt. No. 1 at 20:19-22:11.) Thus, Plaintiff's discussion of a grounds

8   for removal was never asserted by Benson is irrelevant.

9          D.    **Plaintiff's Meal Period Claim Is Preempted Under *Curtis* Step One Because
                 Plaintiff Is Exempt From California's Meal Period Requirements Pursuant
10               To Labor Code Section 512.**

11         Plaintiff's Third Cause of Action alleges a claim for meal period violations under Labor

12   Code section 512. (FAC ¶¶ 17, 52-55.) However, the Labor Code contains an exemption to its

13   meal period requirements for workers "employed in a construction occupation." Cal. Lab. Code §

14   512(e)-(g). Here, Plaintiff and the other employees were engaged in construction work. (Doc. 1-1,

15   Ex. A, § 3, p. 18 (CBA covers "all work in connection with field fabrication and/or erection of

16   structural, ornamental and reinforcing steel work" and is part of the "Building and Constructions

17   Trade").) Plaintiff does not contend otherwise. The meal period exemption applies to construction

18   employees where:

19         [A] valid collective bargaining agreement expressly provides for the wages, hours
           of work, and working conditions of employees, and expressly provides for meal
20         periods for those employees, final and binding arbitration of disputes concerning
           application of its meal period provisions, premium wage rates for all overtime hours
21         worked, and a regular hourly rate of pay of not less than 30 percent more than the
           state minimum wage rate.
22

23   Cal. Lab. Code § 512(e)(2); *see also* Cal. Lab. Code § 226.7(e) (meal period premium statute does

24   not apply to employees exempt from meal period requirement).

25         Plaintiff fails to make substantive challenges to application of the Labor Code section 512

26   meal period exemption. As discussed above regarding the overtime exemption, the CBA provides

27   for: (1) the wages, hours, and working conditions of the employees; (2) premium wages for all

28   overtime hours; and (3) hourly rates more than 30% in excess of the minimum wage rate. The

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California
90067.3107
310.553.0308

15

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND                                              CASE NO. 3:24-CV-08791 - SK

1  additional conditions for the meal period exemption are met as well. The CBA provides for meal

2  periods for employees working continuously for four and a half or five hours and overtime pay

3  until the employee receives the opportunity to take a meal period (Doc. 1-1, Ex. A, § 6(B)(1), p.

4  33.)  The CBA also provides for final and binding arbitration of disputes concerning the CBA's

5  meal period provisions. (*Id.*, Ex. A, § 6(B)(2), p. 34 (disputes regarding Section 6 of the CBA

6  subject to grievance and arbitration procedure), § 24(T), p. 73 (providing for arbitration of Labor

7  Code claims), § 28 (outlining grievance and arbitration procedures).) Therefore, the requirements

8  of the Labor Code section 512 exemption have been met.

9        Like the overtime exemption, the meal period exemption in Labor Code section 512(e) has

10  been construed broadly by the courts. As discussed above in Section V(B), the state law meal

11  period rules do not apply if the meal period exemption requirements are met (*see Vranish*, 223 Cal.

12  App. 4th at 111; *see also Araquistain v. Pacific Gas & Electric Co.*, 229 Cal. App. 4th 227, 238

13  (2014) (employer is exempt from requirements of meal period statute when the Labor Code §

14  512(e) exemption are met) and a pleaded state law meal period claim is preempted by the LMRA

15  due to the exemption (*see Coria*, 63 F. Supp. 3d at 1098; *Blackwell*, 2021 WL 2634501, at *5;

16  *Rodriguez*, 2022 WL 161892, at *4).

17   **E.    Plaintiff's Rest Period Claim Is Preempted Under *Curtis* Step One Because
           Plaintiff Is Exempt From California's Rest Period Requirements Pursuant
18         To Labor Code Section 226.7 And Wage Order 16.**

19        Plaintiff's Fourth Cause of Action alleges rest period violations under California law. (FAC

20  ¶¶ 18, 56-59.) The right to rest periods is provided for through the Wage Orders. *See* Wage Order

21  16, § 11 ("Every employer shall authorize and permit all employees to take rest periods, which

22  insofar as practicable shall be in the middle of each work period."); *see also* Cal. Code Regs., Tit.

23  8, § 11160(11)(A). Labor Code section 226.7 requires rest periods in accordance with the

24  applicable Wage Order but specifically states that it "shall not apply to an employee who is exempt

25  from meal or rest or recovery period requirements pursuant to other state laws, including, but not

26  limited to, a statute or regulation, standard, or order of the Industrial Welfare Commission." Cal.

27  Lab. Code § 226.7. Thus, Plaintiff has no state law rest period claims because the CBA exemption

28  for rest periods in Wage Order 16 applies here:

LITTLER MENDELSON,
P.C.
2049 Century Park East,
5th Floor
Los Angeles, California
90067.3107
310.553.0308

16

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND

CASE NO. 3:24-CV-08791 - SK

> In cases where a valid collective bargaining agreement provides final and binding mechanism for resolving disputes regarding enforcement of the rest period provisions, the collective bargaining agreement will prevail.
>
> ...
>
> This section shall not apply to any employee covered by a valid collective bargaining agreement if the collective bargaining agreement provides equivalent protection.

*See* Wage Order 16, §§ 11(D)-(E); Cal. Code Regs., Title 8, § 11160(11)(D)-(E).

Plaintiff fails to substantively challenge to application of the rest period exemption. Here, the CBA provides for rest periods that are equivalent to those provided for in the Wage Order – a paid 10-minute rest period for every 4 hours worked or major fraction thereof and one hour of pay as a penalty for any workday where the employer does not provide the opportunity for a rest period. (Dkt. No. 1-1, Ex. A, § 6(B)(2), pp. 33-34.) The CBA also provides for a final and binding grievance and arbitration procedure for resolving rest period disputes. (*Id*., Ex. A, § 6(B)(2), p. 34 (disputes regarding Section 6 of the CBA subject to grievance and arbitration procedure), § 24(T), p. 73 (providing for arbitration of Labor Code claims), § 28 (outlining the grievance and arbitration procedures).) Thus, Plaintiff's rest period claim is preempted by the LMRA because Labor Code section 226.7(e) excludes him from the statutory rest period requirements. *See, e.g., Rodriguez*, 2022 WL 161892 at *4 (rest break claim preempted where Wage Order 16 exemption met); *Zayerz v. Kiewit Infrastructure*, 2018 WL 582318 at *4 (C.D. Cal. Jan. 18, 2018) (same); *Thieroff v. Marine Spill Response Corp*., 2022 WL 2965393, *5-6 (C.D. Cal. Jun. 6, 2022) (same).

### F.    Plaintiff's Minimum Wage Claim Is Preempted Under *Curtis* Steps One And Two Because Plaintiff Alleges That All Off-The-Clock Work Constituted Overtime Hours And The Claim Requires CBA Interpretation.

Plaintiff's First Cause of Action alleges California minimum wage violations due to unpaid off-the-clock work. (FAC ¶¶ 15-16, 33-42.) Plaintiff failed to make any substantive challenge to the preemption of his minimum wage claim under *Curtis* Step One or Two.

Plaintiff alleges that Benson "typically scheduled Plaintiff to work at least five days in a workweek and at least eight hours per day, but Plaintiff regularly worked more than eight hours in a workday and more than forty (40) hours in a workweek" (FAC ¶ 14.) Further, the CBA confirms that shifts are 8 hours of work per day. (Doc. 1-1, Ex. A, § 6(A), p. 31.) Accordingly, Plaintiff's

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California
90067.3107
310.553.0308

17

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND                    CASE NO. 3:24-CV-08791 - SK

1    so-called "minimum wage" claims are in fact overtime claims because he alleges that full-time

2    hours were worked such that any off-the-clock time would constitute overtime hours. Plaintiff's

3    overtime claims are preempted by the LMRA as explained above in Section V(C). Thus, his

4    minimum wage claim is also preempted under *Curtis* Step One for those same reasons. *See Chavez*

5    *v. Smurfit Kappa North America LLC*, 2018 WL 8642837, at *4 (C.D. Cal. Oct. 17, 2018) (holding

6    that a minimum wage claim, which could only arise out of plaintiff's preempted overtime claim,

7    was also preempted under LMRA); *Thieroff*, 2022 WL 2965393 at *4 (same).

8        In the alternative, Plaintiff's First Cause of Action is preempted under *Curtis* Step Two

9    because interpretation is needed of the various pay provisions of the CBA regarding (1) what type

10    of work is authorized (Doc. 1-1, Ex. A, § 6(A), pp. 31-32), (2) "show up" pay (§ 6(E), pp. 34-35),

11    and (3) additional pay for working different shifts (§ 6(F), pp. 35-36). Each of these provisions

12    contain terms that must be interpreted in particular situations to determine whether the employee

13    was owed pay on a specific day for time worked, and what rate is owed to the employee. Moreover,

14    the past practices of the parties must be considered in interpreting these terms. *See Kobold*, 832

15    F.3d at 1046 ("under longstanding labor law principles ... the practices of the industry and the shop

16    ... [are] equally a part of the collective bargaining agreement although not expressed in it") (quoting

17    *United Steelworks of America v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 581-82 (1960)). Since

18    the minimum wage claim substantially depends on analysis of the CBA, it is preempted under

19    *Curtis* Step Two. *See, e.g., Mellon,* 625 F. Supp. 3d at 1016 (resolution of minimum wage claim

20    required "interpreting the CBA to determine whether [plaintiff] was compensated for time spent

21    undergoing security checks"); *Rodriguez*, 2022 WL 161892 at *5 (where plaintiff alleged

22    "defendant failed to pay minimum wages for off-the-clock activity," resolution of minimum wage

23    claim required, "[a]t minimum, ... interpretation of CBA terms such as 'actual hours worked' and

24    'show up expenses'"); *Giles*, 2022 WL 3370793 at *5-6 (finding off-the-clock claim preempted

25    under LMRA where resolution would require interpretations of the terms "actual time worked"

26    and "show-up pay"). Thus, Plaintiff's minimum wage claim is also preempted under *Curtis* Step

27    Two.

28        Even if the Court finds the First Cause of Action is not preempted, it is subject to the

18

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND                          CASE NO. 3:24-CV-08791 - SK

1    Court's supplemental jurisdiction. *See Kuba v. 1-A Agricultural Ass'n*, 387 F.3d 850, 855.

2    **G.    Plaintiff's Expense Reimbursement Claim Is Preempted Under *Curtis* Step Two Because It Requires CBA Interpretation.**

4    Plaintiff alleges Defendants failed to reimburse necessary business expenses under Labor

5    Code Section 2802, including phone expenses, clothing, and mileage. (FAC ¶¶ 21-22, 75-79.)

6    Plaintiff failed to make any substantive challenge to the preemption of his expense reimbursement

7    claim. The CBA inlcudes provisions regarding expenses such as parking fees (Dkt. No. 1-1, Ex.

8    A, § 7(C), p. 46), payment of bridge and ferry tolls (§ 7(C), p. 46), travel reimbursement (§ 9(A)-

9    (G), pp. 48-50), provision of company transportation (§ 9(E), p. 50), tools (§ 24(B), p. 68), clothing

10   (§ 24(E), pp. 68-69), equipment (§ 24(H), p. 69), and safety equipment (§ 25(M), p. 75).

11   Interpretation of the terms in these provisions is required to determine when and whether alleged

12   expenses were already reimbursed to employees under the CBA, and whether they were necessary

13   expenses. Accordingly, LMRA preemption applies because the CBA must be interpreted to resolve

14   these expense-related issues. *See, e.g., Rodriguez*, 2022 WL 161892 at *9 (Section 2802 claim

15   preempted because resolution "turns on the analysis of the CBA and interpretation of its terms");

16   *Linebarger v. Graphic Packaging International, LLC*, 2020 WL 1934958, *6 (C.D. Cal. Apr. 22,

17   2020) (finding preemption of cell phone expense reimbursement claim where CBA included

18   language regarding the purchase of tools necessary to complete the work).

19   Thus, Plaintiff's expense reimbursement claim is preempted under *Curtis* Step Two. Even

20   if the Court were to find the claim not preempted, it is subject to the Court's supplemental

21   jurisdiction. *See Kuba*, 387 F.3d at 855.

22   **H.    Plaintiff's Derivative Claims Are Also Preempted Under *Curtis* Step One.**

23   Plaintiff alleges several derivative claims. The Fifth Cause of Action alleges violations of

24   Labor Code section 203 regarding failure to pay all wages due at the time of termination, i.e.,

25   waiting time penalties. (FAC ¶¶ 19, 60-66.) The Sixth Cause of Action alleges wage statement

26   violations under Labor Code section 226. (FAC ¶¶ 20, 67-74.) These alleged Labor Code violations

27   are derivative of Plaintiff's preempted claims for overtime and meal and rest period violations, in

28   whole or in part, for the reasons described above. Plaintiff incorporates the other allegations of the

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California
90067.3107
310.553.0308

19

1    Complaint as the basis for the waiting time penalty and wage statement claims, without limitation.

2    (*See* FAC ¶¶ 19-20, 60, 67.) Thus, these claims depend upon the underlying preempted claims

3    regarding alleged unpaid overtime and meal and rest period premiums.

4         The Ninth Cause of Action alleges an Unfair Competition Law ("UCL") claim pursuant to

5    California Business and Professions Code section 17200 *et seq.* (FAC ¶¶ 89-105). "[A] violation

6    of another law is a predicate for stating a cause of action under the UCL's unlawful prong."

7    *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (2007). Thus, UCL claims

8    "stand or fall depending on the fate of the antecedent substantive causes of action." *Krantz v. BT*

9    *Visual Images, LLC*, 89 Cal. App. 4th 164, 178 (2001). Here, Plaintiff alleges that his UCL claim

10   is based on his other alleged claims including the overtime and meal and rest period claims. (FAC

11   ¶¶ 93-98.) Thus, the UCL claim is also derivative of those preempted claims.

12        Accordingly, each of these derivative claims is also preempted under the LMRA. *See, e.g.,*

13   *Giles*, 2022 WL 3370793 at *6-7 (finding derivative claims for wage statement violations, waiting

14   time penalties, and UCL violation were preempted where underlying minimum wage, overtime,

15   and meal periods claims were preempted by LMRA); *Vasquez v. Packaging Corp. of Am.*, 2019

16   WL 4543106, at *4 (C.D. Cal. June 7, 2019) (where overtime claim was preempted by LMRA,

17   remaining claims for wage statement violations, waiting-time penalties, and UCL violations were

18   likewise preempted "to the extent they [were] derivative of [the] overtime claim").

19        The Tenth Cause of Action alleges a claim under PAGA for the purported Labor Code

20   violations set forth in the other causes of action. (FAC  ¶¶ 106-112, Ex. A). PAGA claims are

21   subject to LMRA preemption where the underlying claim is preempted. *See Curtis*, 913 F.3d at

22   1150, fn. 3 (noting PAGA claim was derivative of an overtime claim and thus subject to federal

23   preemption if the Labor Code § 510 collective bargaining agreement exemption to overtime claims

24   applied); *see also Martinez v. Omni Hotels Management Corporation*, 514 F. Supp. 3d 1234-36

25   (S.D. Cal. 2021) (alleged PAGA violations based on overtime are preempted pursuant to *Curtis* if

26   the Labor Code § 514 overtime exemption applies); *Radcliff*, 519 F. Supp. 3d at 748-751 (applying

27   LMRA analysis to PAGA cause of action and denying motion to remand based upon federal

28   preemption). "To find otherwise would allow for [the] artful pleading of PAGA claims—premised

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California
90067.3107
310.553.0308

20

on Labor Code violations—to circumvent congressional intent regarding collective bargaining agreements and preemption." *Martinez*, 514 F. Supp. at 1235, fn. 3. Thus, the derivative PAGA claim is preempted as well.

### I. Plaintiff's PAGA Claim Is Also Subject To Preemption Under *Curtis* Step One Because Plaintiff Is Exempt from PAGA Pursuant To Labor Code Section 2699.6.

Plaintiff's entire PAGA claim is also subject to complete federal preemption due to the PAGA exemption set forth in Labor Code section 2699.6. The statute provides that PAGA does not apply "an employee in the construction industry" if they perform work:

> [U]nder a valid collective bargaining agreement … that expressly provides for the wages, hours of work, and working conditions of employees, premium wage rates for all overtime hours worked, and for the employee to receive a regular hourly pay rate of not less than 30 percent more than the state minimum wage rate, and the agreement does all of the following:
>
> (1) Prohibits all of the violations of this code that would be redressable pursuant to this part, and provides for a grievance and binding arbitration procedure to redress those violations.
> (2) Expressly waives the requirements of this part in clear and unambiguous terms.
>
> (3) Authorizes the arbitrator to award any and all remedies otherwise available under this code, provided that nothing in this section authorizes the award of penalties under this part that would be payable to the Labor and Workforce Development Agency.

Cal. Lab. Code § 2699.6(a). When these requirements are met, the right of the employee to file a PAGA action is waived as a matter of law. *Oswald v Murray Plumbing & Heating Corp.*, 82 Cal. App. 5th 938, 943 (2022); *see also Melena v. ASRC Industrial Services, LLC*, 2022 WL 423493, at *7, 9 (C.D. Cal. Jan. 19, 2022) (granting summary judgment of PAGA claim where Section 2699.6 requirements met). Accordingly, removal is appropriate where this PAGA exemption applies. *See Rivas v. Solv Energy, LLC*, 2024 WL 3623519, at *3 (S.D. Cal. Aug. 1, 2024) (denying motion to remand based on LMRA preemption where Labor Code § 2699.6 exemption applied). As the *Rivas* court recognized: "Because Plaintiff's employment was exempt from PAGA claims, his claim would instead arise from rights under the CBA." *Id.*

Here, as discussed above in Sections V(C)-(D) regarding the overtime and meal period

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California
90067.3107
310.553.0308

21

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND                              CASE NO. 3:24-CV-08791 - SK

exemptions, the CBA applies to construction industry employees and provides for: (1) the wages, hours, and working conditions of the employees; (2) premium wages for all overtime hours; and (3) hourly rates more than 30% in excess of the minimum wage rate. For the Labor Code section 2699.6 exemption, the plain language of the statute actually only implicates the pay rate of "the employee" and thus the pay rate threshold is determined by looking solely at the Plaintiff's hourly pay rate. *See Oswald,* 82 Cal. App. 5th at 945 (Plaintiff's "hourly rate of $50 was 400 percent more than the state minimum wage of $12. He was entitled to premium overtime wage rates. The first paragraph of section 2699.6, subdivision (a) is satisfied."); *see also Melena*, 2022 WL 423493 at *7 (finding Labor Code section 2699.6 requirements met where "Plaintiff earned $24.33 an hour, well over 30 percent above California's minimum wage rate of $13.00 per hour"). Plaintiff's hourly rate was at least $36.51 throughout his employment. (See Dkt. No. 1-1, ¶ 7, p. 3.) The CBA also meets the remaining requirements of Labor Code section 2699.6 because it: (1) expressly prohibits violations of the Labor Code that would normally be redressable under PAGA; (2) provides a grievance and arbitration procedure to redress alleged PAGA violations; (3) expressly waives PAGA statutory requirements; and (4) authorizes the arbitrator to award the remedies otherwise available under PAGA except for the portion of civil penalties payable to the State. (Dkt. 1-1, Ex. A, § 24(T), p. 73). The CBA contains a section specifically addressing this PAGA exemption and contains the exact language required by the statute. (*Id*.) Thus, the entire PAGA claim is subject to LMRA preemption.

## VI.   IF THE COURT FINDS ANY OF PLAINTIFF'S CLAIMS ARE NOT PREEMPTED, THE COURT SHOULD RETAIN SUPPLEMENTAL JURISDICTION OVER THOSE CLAIMS

Plaintiff does not provide substantive argument against supplemental jurisdiction other than asserting none of his claims are preempted. If the Court determines even one of Plaintiff's claims is preempted, the other claims are within the Court's supplemental jurisdiction and thus subject to removal. The relevant statute provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28

LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
310.553.0308

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND                           CASE NO. 3:24-CV-08791 - SK

U.S.C. § 1367(a). As set forth by the Ninth Circuit, "[n]onfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba*, 387 F.3d at 855 (citation omitted).

Here, all of Plaintiff's claims derive from the same common nucleus of operative facts regarding the working conditions, pay practices, and the hours worked by Plaintiff and putative class members and would obviously be expected to be tried in one proceeding. *See, e.g., Coria*, 63 F. Supp. 3d at 1100 (rest period claim, UCL claim, and other derivative claims were "inextricably intertwined" with meal period and overtime claims preempted under LMRA and thus were properly subject to supplemental jurisdiction); *Gay v. Pacific Steel Group*, 2021 WL 2917095, at *2-3 (N.D. Cal. June 15, 2021) (claims for minimum wages, waiting-time penalties, wage statement violations, unreimbursed business expenses, and UCL claim were subject to supplemental jurisdiction because they arose "from the same working conditions and relationship with [d]efendant during the same period as [the plaintiffs'] overtime, meal, and rest period claims", which were preempted under LMRA; *Buck v. Cemex Inc.*, 2013 WL 4648579 at * 1, 6 (E.D. Cal. Aug. 29, 2013) (where meal period claim was preempted under LMRA, the plaintiff's claims for rest breaks, waiting-time penalties, wage statement violations, and UCL claim were properly within supplemental jurisdiction of the court "even if only tangentially involved with the CBA").

Thus, even if any of Plaintiff's claims are found not to be preempted, those claims "are grounded in Plaintiff's wages, hours, and working conditions during the same period of time" as the preempted wage and hour claims and "supplemental jurisdiction is appropriate." *Diaz v. Sun-Maid Growers of California*, 2019 WL 1785660, at *8 (E.D. Cal. Apr. 24, 2019).

Plaintiff's Eighth Cause of Action for alleged failure to produce employee records pursuant to the Labor Code would also be expected to be tried in the same action, particularly as it is alleged on a class basis. (FAC ¶¶ 80-88.) Accordingly, the Eight Cause of Action is subject to supplemental jurisdiction and the entire action was properly removed.

LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
310.553.0308

23
DEFENDANT'S OPPOSITION TO
MOTION TO REMAND                          CASE NO. 3:24-CV-08791 - SK

1

2

## VII.   PLAINTIFF'S CONTENTIONS ABOUT COMPLIANCE WITH THE CBA'S GRIEVANCE AND ARBITRATION PROCEDURES ARE IRRELEVANT

Plaintiff again argues against a contention never made by Benson in its removal papers. The Notice of Removal referenced the CBA's grievance and arbitration procedures because their existence is an element of the statutory exemptions, as discussed above in Sections V(D)-(E). (*See* Dkt. No. 1 at 18:13-14 ("each of these CBA provisions is relevant to show that Plaintiff's claims are subject to numerous Labor Code exemptions")). Benson did not argue Plaintiff's claims are preempted because he must go through the CBA's grievance and arbitration procedures. Whether Plaintiff's claims are ultimately subject to a motion for judgment on the pleadings or a motion for summary judgment due to a failure to exhaust the CBA's grievance and arbitration procedures is not currently before the Court and is irrelevant to removal. Plaintiff's arguments reflect a misunderstanding of the law. When complete federal preemption exists, his purported state law claims can only exist under federal law or the CBA; as discussed at length in Section III., *supra*, this is the basis for preemption. Whether Plaintiff can proceed with his preempted claims in court is an issue for future litigation.

## VIII.   CONCLUSION

In sum, Benson's removal is proper because Plaintiff's claims are subject to complete federal preemption under Section 301 of the LMRA, or are subject to the Court's supplemental jurisdiction for the reasons set forth above. As a result, Benson respectfully requests that the Court deny Plaintiff's Motion to Remand in its entirety.

Dated:  January 21, 2025

LITTLER MENDELSON, P.C.


By: _____/s/ James Payer_____
          Jyoti Mitta Mittal
          James Payer
          Attorneys for Defendant
          BENSON INDUSTRIES, INC.

4936-8332-6736

LITTLER MENDELSON,
P.C.
2049 Century Park East,
5th Floor
Los Angeles, California
90067.3107
310.553.0308

DEFENDANT'S OPPOSITION TO
MOTION TO REMAND

CASE NO. 3:24-CV-08791 - SK