Molly Desario (SBN 230763)
molly.desario@wilshirelawfirm.com
Arsiné Grigoryan (SBN 319517)
arsine.grigoryan@wilshirelawfirm.com
Dorota A. James (SBN 309933)
dorota.james@wilshirelawfirm.com
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd, 12th Floor
Los Angeles, California 90010
Telephone:   (213) 381-9988
Facsimile:    (213) 381-9989

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHEN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRESE LYONS, individually, and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>BENSON INDUSTRIES, a corporation; and DOES 1 through 10, inclusive,<br><br>*Defendants.* | Case No.: 3:24-cv-08791-TLT<br><br>[*Assigned to Hon. Trina L. Thompson, Ctrm. 9*]<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**<br><br>Date: March 18, 2025<br>Time: 2:00 p.m.<br>Ctrm: 9<br>Judge: Hon. Trina Thompson<br><br>Complaint Filed:   November 30, 2023<br>Date of Removal:  December 05, 2024 |

**TABLE OF CONTENTS**

I.   INTRODUCTION ..................................................................................1

II.  ANALYSIS ...........................................................................................2

    A.  Defendant's Removal Was Untimely.........................................2

        1.  Defendant knew of the existence and potential applicability of the CBA upon receipt of the original complaint. ...................2

        2.  Defendant's February 14, 2024, correspondence established that Defendant had ascertained the basis for removal from the complaint. ................................................................................4

    B.  Defendant's Argument Plaintiff's PAGA Claim Is Preempted Is Improper .....................................................................................5

    C.  Resolution Of Plaintiff's State Law Claims Does Not Require The Court To Interpret The CBA. .....................................................6

    D.  *Curtis* Does Not Assist Defendant's Position This Matter .........8

    E.  No Dispute That LMRA Cannot Preempt Nonnegotiable Rights .............9

    F.  The Court Does Not Have Supplemental Jurisdiction Over Other Claims........................................................................................10

III. CONCLUSION..................................................................................10

# TABLE OF AUTHORITIES

**STATE CASES**

*Allis-Chalmers Corp. v. Lueck*
  471 U.S. 202 (1985)...................................................................................................9

*Alvarado v. King Meat, Inc*.
  2016 U.S.Dist. LEXIS 15833 (C.D. Cal., Feb. 8, 2016, No. CV1509766RGKASX).................5

*Alvarado v. King Meat, Inc. et al*, 2016 U.S. Dist. LEXIS 15833 (C.D. Cal. 2016).......................7

*Azpeitia v. Tesoro Ref. & Mktg. Co. LLC*
  2017 U.S. Dist. LEXIS 114210 (D. Cal. July 21, 2017)..............................................9

*Cramer v. Consolidated Freightways, Inc*.
  255 F.3d 683 (9th Cir. 2001).....................................................................................10

*Cuellar-Ramirez v. US Foods, Inc*.
  2016 U.S. Dist. LEXIS 45591 (N.D. Cal. March 22, 2016) .......................................8

*Cuellar-Ramirez v. US Foods, Inc*.
  2016 U.S. Dist. LEXIS 45591(N.D. Cal. March 22, 2016) .......................................7

*Firestone v. Southern California Gas* Co.
  219 F. 3d 1063 (9th Cir. 2000)...................................................................................7

*Firestone v. Southern California Gas Co*.
  219 F. 3d 1063 (9th Cir. 2000)...................................................................................8

*Harris v. Bankers Life & Cas. Co*.
  425 F.3d 689 (9th Cir. 2005).......................................................................................3

*Hunter v. United Van Lines*
  746 F.2d 635 (9th Cir. 1984).....................................................................................10

*Livadas v. Bradshaw*
  512 U.S. 107 (1994)....................................................................................................7

*Lopez v. Sysco Corp., et al*, 2016 U.S. Dist. LEXIS 38990 (N.D. Cal. Jan. 22, 2016) ...................8

*Louisville & Nashville R.R. v. Mottley*
   211 U.S. 149 (1908).................................................................................................2

*Metro. Life Ins. Co. v. Taylor*
   481 U.S. 58 (1987)...................................................................................................2

*Moore v. Aramark Unif. Servs., LLC*
   2018 U.S. Dist. LEXIS 18783 (N.D. Cal Feb. 5, 2018).............................................9

*N.Y. State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*
   514 U.S. 645 (1995).................................................................................................9

*Rea* at 1238 ...............................................................................................................4

*Rea v. Michaels Stores Inc.*
   742 F.3d 1234 (9th Cir. 2014)..................................................................................4

*Roth v. CHA Hollywood Med. Ctr.*
   720 F.3d 1121 (9th Cir. 2013)..................................................................................4

*Scott v. Traffic Management, Inc.* 2016 U.S. Dist. LEXIS 73455 (C.D. Cal. June 6, 2016)...........9

*Valles* ........................................................................................................................9

*Zavala v. Scott Bros. Dairy*
   143 Cal. App. 4th 585 (2006)...................................................................................9

**STATUTES**

28 U.S.C. § 1446(b) ............................................................................................ 2, 10

9 U.S.C. § 1, et seq. ................................................................................................... 8

California Labor Code § 512(e) ................................................................................ 8

Calfornia Labor Code 514 ........................................................................................ 8

LMRA §301 ............................................................................................................. 8

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Tyrese Lyons ("Plaintiff") hereby submits the following Reply to Defendant Benson Industries' ("Defendant") Opposition to Plaintiff's Motion for Order Remanding Case Back to State Court (Dkt. 19) ("Opposition").

## I. INTRODUCTION

Defendant's Opposition to Plaintiff's Motion to Remand does nothing to disprove the fact that its removal was untimely. Defendant's entire position is that a CBA applies to Plaintiff's claims, and therefore the Labor Management Relations Act ("LMRA") preempts state law. Defendant knew there was a CBA in effect when this action was filed over a year ago. This is the only operative fact, and it does not depend on Plaintiff's conduct. Myriad cases not addressed by Defendant in its Opposition make clear that, in this situation, a defendant must remove within 30 days of receipt of the complaint and Defendant failed to do so.

Further, Defendant fails to demonstrate that the CBA that purportedly applied to Plaintiff's employment provides an exemption to any of the Labor Code sections upon which this action is based. As such, it has fallen short of demonstrating that any of the rights Plaintiff seeks to enforce by way of this action "exist solely because of the CBA," as required by the first prong of the *Burnside* test. *See Burnside v. Kiewit Pacific Corp.* 491 F.3d 1053, 1059 (9th Cir. 2007).

Finally, Defendant also fails to demonstrate how resolving Plaintiff's Labor Code claims would require any substantial interpretation of the CBA or the terms therein. Plaintiff's claims are predicated solely on California law, not on any CBA. Thus, the adjudication of these claims will only require interpretation of the statues and an application of the facts of what actually occurred during Plaintiff and the aggrieved employees' time working for Defendant.

Consequently, Defendant has failed to establish that removal is proper on any of the grounds it asserts, and Plaintiff respectfully requests that this Court

remand this case to the San Francisco County Superior Court.

## II. ANALYSIS

### A. Defendant's Removal Was Untimely.

#### 1. Defendant knew of the existence and potential applicability of the CBA upon receipt of the original complaint.

The presence of a federal question is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction is proper if a federal question is evident from the face of the plaintiff's pleading. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); see also *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908). Importantly, however, the Supreme Court has recognized that the complete preemption doctrine is an "independent corollary" to the well-pleaded complaint rule. See *Caterpillar*, 482 U.S. at 393. In other words, since the preemptive force of certain federal statutes is so great as to convert otherwise ordinary state law claims into federal actions, some matters may be removable on federal preemption grounds even if a federal question does not immediately appear on the face of the complaint. See *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987); *Caterpillar*, 482 U.S. at 392–93.

Normally, a case must be removed within thirty days after the initial complaint is received by the defendant. 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"). Federal courts have not hesitated to remand a matter to state court on the basis that removal was untimely when a federal question manifested itself in a plaintiff's initial pleading in the form of federal preemption of a state law claim. *Cantrell v. Great Republic Ins*. Co., 873 F.2d 1249, 1255 (9th Cir. 1989); *Flowerette v. Heartland Healthcare Ctr*., 903 F.Supp. 1042 (N.D.Tex.1995); *Queen v. Dobson Power Line Constr*. Co., 414 F.Supp.2d 676, 680 (E.D.Ky.2006).

In *Cantrell*, 873 F.2d at 1255, the plaintiff initially filed a complaint based on state law in which she alleged that her insurer unlawfully rescinded her group insurance policy and denied benefits to her husband and daughter. *Id*. at 1249. The plaintiff subsequently amended her complaint to add a defendant and claims by the plaintiff in a representative capacity. *Id*. at 1250. Upon the filing of the amended complaint, the defendant removed the case to federal court on the basis of federal question jurisdiction, citing ERISA. *Id*. The Ninth Circuit held that, even though the plaintiff did not specifically reference ERISA in her initial pleading, her claims in the original complaint nonetheless "related to" an employee benefit plan and were therefore preempted by ERISA at the initial pleading stage. As such, the court found that the defendant was required to file its notice of removal within thirty days of the date of the initial complaint because this was the point at which the presence of a federal question first became apparent to the defendant. *Id*. at 1255. The logic of *Cantrell* is directly applicable here. Plaintiff's original complaint contained the overtime, meal and rest period claims that Defendant now contends is preempted. Even though Plaintiff did not explicitly reference the CBA in his Complaint, Defendant has submitted no evidence that it was ignorant of the CBA at that time. As a result, Defendant was required to file its notice of removal within thirty days of the date of the initial complaint because this was the point at which the presence of a federal question first became apparent to Defendant.

Notably, Defendant attempts to undermine application of the *Cantrell* holding to the facts in this matter by citing to Ninth Circuit decisions in *Rea*, *Roth*, and *Harris* that allegedly hold that "a defendant's own investigation and own knowledge cannot trigger the removal deadline." (Dkt. 19, p. 5). None of these cases are on point.

First, *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689 (9th Cir. 2005), wherein defendant removed the case based on diversity, the initial complaint revealed only former residency of agent, not his current citizenship. Siding with

defendant, the court held that the 30 day-deadline began to run only when it became apparent that insured had abandoned his claims against agent, rendering diversity complete.

In *Rea v. Michaels Stores Inc.*, 742 F.3d 1234 (9th Cir. 2014), defendant removed the case under Class Action Fairness Act. The *Rea* court found that the first complaint did not trigger the 30-day deadline to file the removal because it had a damage waiver, purporting to waive any recovery over $4,999,999.99, one penny shy of the jurisdictional threshold. Thus, the court found under the controlling law at the time Michaels received the complaint, it did not "affirmatively reveal on its face the facts necessary for federal court jurisdiction," so the initial 30–day removal period was never triggered. *Rea* at 1238.

Finally, in *Roth v. CHA Hollywood Med. Ctr.*, 720 F.3d 1121 (9th Cir. 2013), a case addressing post-removal motion for class certification, the court held that defendant does not have a duty of inquiry if the initial pleading or other document is "**indeterminate**" with respect to removability. Here, as state above, Plaintiff's original complaint contained the overtime, meal and rest period claims that Defendant now contends is preempted under LMRA.

Therefore, Defendant's removal is untimely.

### 2. Defendant's February 14, 2024, correspondence established that defendant had ascertained the basis for removal from the complaint.

Defendant's correspondence of February 14, 2024, explicitly referenced the CBA. In particular, Defendant stated:

> "*Throughout the relevant period, Plaintiff Tyrese Lyons ("Lyons"), and the vast majority of Benson's hourly, non-exempt workforce were represented by The District Council of Iron Workers of the State of California, The International Union of Painters and Allied Trades AFL-CIO, and/or their affiliated local unions(collectively, the "Unions").2  These employees have been bound by one or more regional collective bargaining agreements*

> *throughout the relevant period, which satisfy, and expressly enumerate, legally recognized exemptions from the California Labor Code.*" (Dkt. 18-1, Exh. A)

Just as in *Alvarado v. King Meat, Inc.*, 2016 U.S.Dist. LEXIS 15833, at *5 (C.D. Cal., Feb. 8, 2016, No. CV1509766RGKASX), Defendant's correspondence expressed its belief that the CBA applies to, and thus preempts, Plaintiff's claims. Therefore, Defendant's contention that the February 14, 2024 correspondence did not raise federal preemption is irrelevant. The dispositive fact is that Defendant could ascertain the removability of the case, based on the CBA, presumably at the time of service of Plaintiff's complaint and certainly as of February 24, which was **10 months before the Notice of Removal** was filed.

Defendant's arguments that the complaint and/or the February 14, 2024 correspondence did not provide an indeterminate notice is simply wrong. It was Plaintiff's complaint that put Defendant on notice regarding the applicability of the CBA. Defendant's contention would have allowed the defendant in *Cantrell* to argue that its knowledge that a group insurance plan was at issue did not allow it to ascertain that ERISA preempted the plaintiff's claims. There is no distinction between knowledge that a CBA is at issue and knowledge that § 301 may apply to preempt a plaintiff's claims. Again, it is not Plaintiff's conduct or arguments that made preemption ascertainable; rather, it is Plaintiff's claims that notified Defendant that the case might be removable, and those claims have not changed since Defendant was served in December 2023.

Thus, this Court shall grant Plaintiff's Motion and remand the case to the San Francisco Superior Court.

    **B.**    **Defendant's Argument Plaintiff's PAGA Claim Is Preempted Is Improper**

Defendant's argument that Plaintiff's PAGA claim is preempted and subject to Federal Question Jurisdiction because "Plaintiff is exempt from PAGA under Labor

Code 2699.6" is premature and procedurally improper. (Dkt. 19, p. 30). Even if the PAGA waiver in the relevant CBA were valid, it would not be sufficient to meet Step One of the LMRA preemption analysis. See *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146 (9th Cir. 2019), see also *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053 (9th Cir. 2007). This is because, even if Plaintiff has waived his right to pursue a claim on behalf of the California Labor Commission (as PAGA provides) by virtue of being a member of the union, his PAGA claim is predicated on allegations that Defendant is liable for penalties based on the fact that it violated various sections of the Labor Code. (Dkt. 1-2, Exh. 1). As such, his claim still arises from statutory rights in the California Labor Code that exist independently regardless of the existence or applicability of any CBA. Critically, Defendant cannot use its Opposition as a vehicle to enforce the purported waiver. Rather, it will need to bring a separate motion, at which point the Court will determine whether the waiver should be enforced or invalidated. Either way, that issue is not yet before the Court, and Defendant's attempt to have it adjudicated by way of Plaintiff's Motion to Remand is simply inappropriate and procedurally improper.

### C. Resolution Of Plaintiff's State Law Claims Does Not Require The Court To Interpret The CBA.

Significantly, Defendant does not analyze *Burnside v. Kiewit Pacific Corp.*, which set forth the two-prong test that determines whether claims are preempted and, thus, whether federal jurisdiction lies. It appears, however, that Defendant mainly focuses on the second step of the inquiry, that is, whether the claim is "substantially dependent on analysis of a collective bargaining agreement." *Id.* 1059, quoting *Caterpillar*, 482 U.S. at 398-399. Here, the Court does not need to interpret the CBAs because mere reference or consultation to them will be sufficient to determine whether preemption, e.g. under Labor Code § 512(e) applies to Plaintiff's claims. Importantly, a mere consultation or reference to a CBA is not enough to invoke preemption under § 301 of the LMRA; preemption

only results if resolution of the state-law claim requires the Court to interpret the CBA. *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994); see also *Alvarado v. King Meat, Inc. et al*, 2016 U.S. Dist. LEXIS 15833 *1, *6 (C.D. Cal. 2016) ("A preemption argument is not credible simply because the court may have to consult the CBA to evaluate [a plaintiff's claim].' . . . Similarly, 'looking to the CBA merely to discern that none of its terms is reasonably in dispute does not require preemption.'"). Defendant has not shown that Plaintiff's overtime, meal and rest period, wage statements, and waiting time penalties can be resolved only by interpreting the applicable CBAs. See *Cuellar-Ramirez v. US Foods, Inc.*, 2016 U.S. Dist. LEXIS 45591 *1, *15 (N.D. Cal. March 22, 2016) ("As a result, [Defendant] has not met its burden to show the meal period claim can be resolved only by interpreting a CBA, and thus the claim fails to furnish the foundation this Court needs to exercise federal question jurisdiction."). The Court would only need to reference the CBAs to conclude whether Plaintiff's and the putative class's rights under state law have been abridged. Defendant cannot reasonably dispute what its CBAs state. See *Firestone v. Southern California Gas* Co., 219 F. 3d 1063, 1065 (9th Cir. 2000) ("When the meaning of particular contract terms is not disputed, the fact that a collective bargaining agreement must be consulted for information will not result in § 301 preemption."). Thus, the Court will merely have to look to the CBAs to see if an exemption applies, but will not have to interpret the provisions of the CBAs.

Defendant has tried to fabricate a dispute as to the terms of the CBAs where no dispute exists. Defendant points to numerous provisions in the CBAs that it argues will need to be interpreted. (Dkt. 19, p. 27). However, the terms are not ambiguous and do not require interpretation. Rather Plaintiff simply contends that the Court will merely need to look to the applicable CBAs to note whether the exemption in Labor Code Sections 512(e) and 514 and/or the preemption with respect to Plaintiff's rest breaks, wage statements, and waiting time penalties

claims applies here. Case law is replete with identical situations, and all these cases required remand. See, e.g., *Firestone v. Southern California Gas Co.*, 219 F. 3d 1063, 1065 (9th Cir. 2000); *Lopez v. Sysco Corp., et al*, 2016 U.S. Dist. LEXIS 38990 (N.D. Cal. Jan. 22, 2016); *Cuellar-Ramirez v. US Foods, Inc.*, 2016 U.S. Dist. LEXIS 45591 (N.D. Cal. March 22, 2016); *Densmore v. Mission Linen Supply,* 2016 U.S. Dist. LEXIS 21354 (E.D. Cal. Feb. 20, 2016).

In determining whether Plaintiff's meal period and overtime claims are exempt under Labor Code § 512(e) and 514, respectively, the Court will be interpreting state law, not the CBAs. If the Court finds that the unambiguous terms of the CBAs meet the requirements of Sections 512(e) and 514, then Plaintiff's meal period claims fail. Alternatively, if the Court finds that the unambiguous terms of the CBAs do not meet the requirements of Sections 512(e), and 514 then Plaintiff's claims remain viable. The Court will not have to interpret the applicable CBAs to determine whether the statutory exemptions apply. Same principle applies to Plaintiff's remaining claims. Therefore, the CBAs do not necessarily require interpretation as required under the second prong of the *Burnside* test. Therefore, because the Court will not have to interpret the CBAs at issue here, LMRA §301 preemption should not apply to Plaintiff's claims and Plaintiff's Motion to Remand should be granted.

### D. *Curtis* Does Not Assist Defendant's Position This Matter

In *Curtis*, the Ninth Circuit was tasked with reviewing a determination on an Order granting defendant's motion to dismiss under 9 U.S.C. § 1, et seq. [Federal Arbitration Act], 43 U.S.C. 1333, et seq. [Outer Continental Shelf Lands Act], and Fed. Rules of Civil Proc., Rule 12(b)(6), which was challenge to the sufficiency of the pled allegations, not a jurisdictional challenge as Plaintiff brings here. Indeed, the *Curtis* Court did not opine on whether federal jurisdiction was appropriately conferred, as federal jurisdiction was not challenged by the plaintiff in that case. *Curtis*, supra, 913 F.3d at 1151 ["Irwin removed the action to district court ... Once

in federal court, Irwin filed a motion to dismiss on the ground that Curtis's claims are preempted by § 301 of the LMRA.] In other words, the matter was already removed to, and venued in, in Federal Court without challenge. Once in Federal Court, the defendant filed a dispositive motion to challenge the merits of plaintiff's claims, which the Court granted. *Id*. at 1151. The situation could not be more different here, Plaintiff has challenged jurisdiction, which is Defendant's burden to prove and overcome the strong presumption against preemption. *N.Y. State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 654 (1995).) Curtis is distinguishable as interpretation of the CBA is unnecessary regarding a dispute of its applicability.

### E.    No Dispute That LMRA Cannot Preempt Nonnegotiable Rights

"Nonnegotiable rights are not subject to section 301 preemption, even if employees are covered by a valid CBA." *Azpeitia v. Tesoro Ref. & Mktg. Co. LLC*, 2017 U.S. Dist. LEXIS 114210 at *6 (N.D. Cal. July 21, 2017) [citing *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1081 (9th Cir. 2005).] California appellate courts have held that rest breaks, for example, are a non-waivable state mandated "minimum labor standard." See e.g., *Zavala v. Scott Bros. Dairy* 143 Cal. App. 4th 585, 594 (2006); *Scott v. Traffic Management, Inc.*, 2016 U.S. Dist. LEXIS 73455 (C.D. Cal. June 6, 2016). Further, rest breaks, like meal periods, are similarly regulated by Labor Code section 226.7 and "address some of the most basic demands of an employee's health and welfare." *Valles*, supra, at 1081. For these reasons, courts have held that "the right to rest breaks is non-negotiable and therefore not subject to section 301 preemption." *Moore v. Aramark Unif. Servs., LLC,* 2018 U.S. Dist. LEXIS 18783 at *14 (N.D. Cal Feb. 5, 2018).

Claims to vindicate non-negotiable state law rights that are "independent of any right established by contract" are not within the scope of LMRA § 301. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985). Similarly, a "hypothetical connection between the claim and the terms of the CBA" does not result in § 301

preemption. *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001). Nor is preemption warranted "simply because the court may have to consult the CBA [or] 'look[] to' the CBA merely to discern that none of its terms is reasonably in dispute." *Id*. at 692. Therefore, any attempt by Defendant to argue preemption of non-negotiable right, like Plaintiff's meal & rest break claims for example, will be futile.

### F. The Court Does Not Have Supplemental Jurisdiction Over Other Claims

Defendant's assertion that the Court has supplemental jurisdiction on all of Plaintiff's claims is faulty because this Court lacks subject matter jurisdiction over all of Plaintiff's claims. "The federal court acquires its power over the claim otherwise beyond its cognizance only if the court has previously properly been seized of jurisdiction. The federal court's jurisdiction over the state-law claim is entirely derivative of its jurisdiction over the federal claim." *Hunter v. United Van Lines*, 746 F.2d 635, 649 (9th Cir. 1984). Thus, because Plaintiff's overtime, minimum wage and meal and rest break claims are not preempted by LMRA, there is no supplemental jurisdiction over "derivative" claims.

## III. CONCLUSION

This case should be remanded because Defendant failed to file its Notice of Removal within the timeframe provided under 28 U.S.C. § 1446(b). It is clear that Defendant knew that there may be LMRA preemption at the time Plaintiff filed its Complaint, yet failed to file a timely Notice of Removal. Defendant is now trying to find any excuse to file its untimely removal. Not only has Defendant surpassed its 30-day filing deadline, it also has failed to meet its burden under either prong of the *Burnside* test. Therefore, Plaintiff respectfully requests that the Court grant his Motion to Remand.

/ / /

/ / /

|   |   |
|---|---|
|   | Respectfully submitted, |
| Dated: January 28, 2025 | **WILSHIRE LAW FIRM** |
|   | By: /s/ Dorota A. James  <br>Molly DeSario  <br>Arsiné Grigoryan  <br>Dorota A. James |
|   | *Attorneys for Plaintiff* |